IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CIANI NATAI BOSTIC,**

      Plaintiff,

  v.

**MICHAEL J. ASTRUE, Commissioner of Social Security**,

      Defendant.

No. 3:10-cv-01153-HU

OPINION AND ORDER

**MOSMAN, J.**,

On February 8, 2012, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [18] in the above-captioned case, recommending that I remand this action for further proceedings. No objections were filed.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R.  28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Hubel's recommendation and I ADOPT the F&R [18] as my own opinion.  I add one point of clarification, however, to Judge Hubel's discussion of claimant credibility.  Judge Hubel correctly explained that an ALJ may not simply define an RFC and then, without more, conclude the claimant's testimony is only credible to the extent it aligns with the RFC.  (F&R [18] 45).  However, "[t]here is nothing wrong with an ALJ stating a conclusion and then explaining it, as opposed to providing explanation and then reaching a conclusion."  *Black v. Astrue*, 10-cv-06409-MO, 2011 WL 6130534, at *6 (D. Or. Dec. 7, 2011).  Thus, the problem with the ALJ's analysis is not that the ALJ noted that the testimony was not credible to the extent it was inconsistent with the RFC.  Rather, the problem is that the ALJ stated this conclusion without providing sufficient support for it.

IT IS SO ORDERED.

DATED this   9th   day of March, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

2 – OPINION AND ORDER