UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CIANI NATAI BOSTIC, | ) |
| | ) |
| Plaintiff, | ) 03:10-cv-01153-HU |
| | ) |
| vs. | ) **FINDINGS AND** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Richard A. Sly
209 SW Oak Street, Suite 102
Portland, OR 97204

Linda S. Ziskin
P.O. Box 2237
Lake Oswego, OR 97035

    Attorneys for Plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Terrye Erin Shea
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - FINDINGS AND RECOMMENDATIONS

**HUBEL, J.,**

Before the court is plaintiff Ciani Natai Bostic's ("Plaintiff") stipulated motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's counsel seeks approval of an EAJA award in the amount of $5,600.00. For the reasons set forth below, Plaintiff's motion (Docket No. 23) for EAJA fees should be **GRANTED**.

## *I.  PROCEDURAL BACKGROUND*

Plaintiff filed this action on September 22, 2010, seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") disability payments under Title XVI of the Social Security Act.  In her opening brief, filed on July 19, 2011, Plaintiff asserted six grounds upon which the Administrative Law Judge's ("ALJ") decision should be reversed: (1) the ALJ's Step Two and Three findings were incomplete; (2) the ALJ's residual functional capacity ("RFC") assessment was incomplete; (3) the ALJ inadequately considered the opinion of an examining psychiatrist (Dr. Spendal); (4) the ALJ's adverse credibility determination was improper; (5) the ALJ improperly rejected lay witness testimony; and (6) the Vocational Expert ("VE") hypothetical was incomplete.

In my February 8, 2012 Findings and Recommendations, I recommended that the case be remanded to the Commissioner for further administrative proceedings because (1) the ALJ failed to present specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Spendal's opinion; (2) the ALJ improperly discounted Plaintiff's testimony; (3) the ALJ improperly disregarded lay testimony from Plaintiff's mother; and

2 - FINDINGS AND RECOMMENDATIONS

(4) the hypotheticals posed to the VE failed to take into account all of Plaintiff's limitations. No objections were filed the parties and, on March 9, 2012, Judge Mosman adopted my Findings and Recommendations as his own. Judgment was entered the following day.

## ***II.   DISCUSSION***

EAJA requires an award of attorneys' fees to a prevailing plaintiff in a Social Security appeal, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). In this case, it is apparent Plaintiff was the prevailing party and the Commissioner's position was not substantially justified. *See Olive v. Comm'r Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (recognizing that a social security claimant who obtains a remand order pursuant to sentence four of § 405(g) is a "prevailing party" for purposes of EAJA); *Ward v. Astrue*, 2012 WL 1820579, at *1 (M.D. Fla. May 18, 2012) (noting that the Commissioner in effect concedes his position was not "substantially justified" by stipulating to remand and not opposing a request for EAJA fees). Nevertheless, even absent specific objections by the opposing party, the court has an independent duty to scrutinize a fee request to determine its reasonableness. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), which results in a "lodestar." *Webb v. Ada County, Idaho*,

3 - FINDINGS AND RECOMMENDATIONS

195 F.3d 524, 527 (9th Cir. 1999) (citation omitted). The district court enjoys "considerable discretion" in determining what attorneys' fee is reasonable and "may downwardly adjust either the components of the lodestar or the lodestar itself to reflect the results obtained." *Id.*

The time records submitted with Plaintiff's motion indicate that attorney Linda Ziskin expended 32 hours on this case (1.20 hours in 2010; 29.70 hours in 2011; and 1.10 hours in 2012). The majority of Ziskin's time was spent reviewing the 937-page transcript (well above the average length of 500-600 pages) and drafting, editing and finalizing her 20-page opening brief and 5-page reply brief. Attorney Richard Sly also expended 3.20 hours on this case (1.30 hours in 2010; 1.30 hours in 2011; and 0.60 hours in 2012). Sly's time was spent on eliciting information from Plaintiff's mother and keeping Plaintiff informed as to the status of her case. This court recognizes a range of 20–40 hours to be "a reasonable amount of time to spend on a social security disability case that does not present particular difficulty." *Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215–16 (D. Or. 2007). Although the combined hours claimed by Ziskin and Sly are on the high end of the *Harden* spectrum, I do not believe a downward adjustment is necessary because (1) the Government contested this case up until I filed my Findings and Recommendation, as opposed to simply stipulating to remand; (2) Plaintiff's counsel had to review a rather lengthy transcript; and (3) Plaintiff's counsel filed two briefs in this court which contributed to the positive result achieved.

4 - FINDINGS AND RECOMMENDATIONS

In considering the applicable hourly rate, the statute itself sets a $125 per hour ceiling "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the national Consumer Price Index for All Urban Consumers (the "CPI-U"), not seasonally adjusted, and applying the "all items" index. *Jones v. Espy*, 10 F.3d 690, 692-93 (9th Cir. 1993). The cost-of-living increase is "calculated by multiplying the $125 statutory maximum hourly rate by the . . . CPI-U for the years in which the attorney's work was performed and dividing by the CPI-U figure for March 1996 (155.7), the effective date of the statutory maximum hourly rate." *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir.2009) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir.2005)).

The EAJA-adjusted hourly rate for 2010 is $175.06;[1] for 2011 is 180.59;[2] and for 2012 is 184.50.[3] Multiplying Ziskin and Sly's requested hours for the respective years results in attorney fees of $437.65 for 2010 (2.50 hour x $175.06); $5,598.29 for 2011 (31.00 hours x $180.59); and $313.65 for 2012 (1.70 hours x $184.50); for a total of $6,349.59 for all three years. This amount is $749.59 more than the $5,600.00 requested in Plaintiff's counsel's stipulated motion for EAJA fees. No further reduction is necessary.

///

---

[1] $125 x (2010 annual index of 218.056/155.7)= $175.06.

[2] $125 x (2011 annual index of 224.943/155.7)= $180.59.

[3] $125 x (2012 annual index of 229.815/155.7)= $184.50.

5 - FINDINGS AND RECOMMENDATIONS

### *III. CONCLUSION*

Based on the foregoing reasons, Plaintiff's stipulated motion (Docket No. 23) for EAJA fees should be **GRANTED**. Plaintiff's counsel should be awarded $5,600.00 in EAJA fees.

### *IV. SCHEDULING ORDER*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **October 8, 2012**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **October 25, 2012**. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 18th day of September, 2012.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATIONS